**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONG HORIZON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC.,<br><br>Defendants. | ) | Case No. 2:26-cv-00<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Long Horizon Technologies LLC ("Long Horizon" or "Plaintiff") for its Complaint against Defendants Telefonaktiebolaget LM Ericsson ("LM Ericsson") and Ericsson Inc. ("Ericsson USA") (collectively, "Ericsson" or "Defendants"), for patent infringement alleges as follows:

## THE PARTIES

1. Long Horizon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2. On information and belief, Defendant LM Ericsson is a corporation organized and existing under the laws of Sweden, with its principal place of business at Torshamnsgatan 21, Kista, Stockholm, 164 83, Sweden. LM Ericsson is the ultimate parent of the Ericsson group of companies. Its American Depositary Shares trade on the Nasdaq Stock Market under the symbol ERIC, and it files annual reports on Form 20-F with the United States Securities and Exchange Commission. In its Annual Report on Form 20-F for the year ended December 31, 2025, filed with

the Securities and Exchange Commission on March 12, 2026, LM Ericsson identified "Ericsson Inc., 6300 Legacy Drive, Plano, Texas 75024" as its "Agent in the US.[1]

3. On information and belief, Defendant Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson USA is registered to do business in the State of Texas, and its registered agent for service of process is Capitol Corporate Services, Inc., 1501 S. Mopac Expressway, Suite 220, Austin, Texas 78746. Ericsson USA is sometimes referred to as "Ericsson North America." On information and belief, Ericsson USA is a wholly owned subsidiary of Ericsson Holding II Inc., which is in turn wholly owned by LM Ericsson, and Ericsson USA acts as the agent of LM Ericsson in the United States in importing, selling, installing, servicing and supporting Ericsson equipment and in otherwise carrying out the operations of LM Ericsson in North America. Ericsson USA has itself represented to this Court that its principal place of business is at 6300 Legacy Drive, Plano, Texas 75024. *See Ericsson Inc. v. Samsung Elecs. Co.*, Case No. 2:21-cv-00001-JRG, Dkt. 1, ¶ 1 (E.D. Tex. Jan. 1, 2021).

4. LM Ericsson and Ericsson USA hold themselves out to customers and to the public as a single enterprise, "Ericsson," through the website www.ericsson.com, through common branding, and through common product literature that does not distinguish between them. On information and belief, LM Ericsson, directly and through its subsidiaries, designs, develops and manufactures, or has manufactured, the Accused Products (defined below), and Ericsson USA

---

[1] Telefonaktiebolaget LM Ericsson, Annual Report on Form 20-F for the fiscal year ended December 31, 2025 (filed Mar. 12, 2026), cover page ("Agent in the US: Ericsson Inc., 6300 Legacy Drive, Plano, Texas 75024"), available at: https://www.sec.gov/Archives/edgar/data/717826/000119312526104149/d948057d20f.htm (last accessed October 29, 2026).

imports them into, and sells, offers for sale, deploys, supports and operates them in, the United States, including in the State of Texas and in this District.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has specific and personal jurisdiction over Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. On information and belief, Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, Defendants have, directly or through subsidiaries or intermediaries, committed and continue to commit acts of patent infringement in the State of Texas and in this Judicial District. Moreover, Ericsson USA is registered to do business in the State of Texas, has offices and facilities in the State of Texas, including but not limited to, its principal place of business located at 6300 Legacy Drive, Plano, Texas 75024. Moreover, Defendants actively direct their activities to customers located in the State of Texas, and engage in other persistent courses of conduct in and derives substantial revenue from each of its business activities in this District.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Defendants have committed and continue to commit acts of infringement within this District giving rise to this action and maintain a regular and established place of business in this District. Defendants have committed and continue to commit acts of infringement in this District by, among other things, offering to sell, selling, and/or using products and/or services that infringe the Asserted Patent including the Accused Products in this District. Ericsson USA is registered to do

business in the State of Texas, has offices in the State of Texas, and on information and belief, has transacted business in this District and has committed acts of direct and indirect infringement in this District. Ericsson USA maintains a regular and established place of business in this District, including at least at 6300 Legacy Drive, Plano, Texas 75024**.**

8. Venue is proper over LM Ericsson in this District pursuant to at least 28 U.S.C. § 1391(c). LM Ericsson is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

9. Moreover, on information and belief, Defendants have not contested or admitted to proper venue in this District in previous matters brought in this District.

10. In addition, or in the alternative, this Court has personal jurisdiction over LM Ericsson pursuant to Fed. R. Civ. P. 4(k)(2).

11. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENT-IN-SUIT

12. On August 4, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,733,021 (the "'021 Patent") entitled "System of Cloud Computing and Method for Detaching Load in Cloud Computing System." A true and correct copy of the '021 Patent is attached hereto as Exhibit A.

13. Long Horizon is the sole and exclusive owner of all right, title, and interest in the '021 Patent (the "Patent-in-Suit" or "Asserted Patent") and holds the exclusive right to take all

actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Long Horizon also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

14. Long Horizon has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**FACTUAL ALLEGATIONS**

15. The ’021 Patent generally relates to systems and methods for distributing cloud-computing workloads. The technology described in the ’021 Patent was developed by Eui Nam Huh, Yunkon Kim, Jun Young Byun. By way of example, this technology is implemented core, regional, and edge clouds to reduce network load and improve the speed and efficiency of providing cloud services to client devices.

16. Ericsson has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit.

**COUNT I**
**(Infringement of the ’021 Patent)**

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. Long Horizon has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the ’021 Patent.

19. Defendants have and continue to directly infringe the ’021 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’021 Patent. Such products include, but are not

limited to, Ericsson Local Packet Gateway; Ericsson dual-mode 5G Core; Ericsson Cloud Packet Core; Ericsson Packet Core Controller; Ericsson Packet Core Gateway; Ericsson Edge Exposure Server; Ericsson Cloud Core Exposure Server; Ericsson Cloud Core Policy Controller; Ericsson Cloud Core Resource Controller; Ericsson Cloud Core Subscription Manager; Ericsson Signaling Controller; Ericsson Private 5G; Ericsson Integrated Core Solution; Ericsson Compact Packet Core; and current configurations of those products implementing distributed edge user-plane processing, local breakout, edge application discovery, dynamic edge routing, session management, user-plane selection or re-selection, user-plane re-anchoring, and centralized core-network service processing, among other Ericsson products.

20. For example, Defendants have and continue to directly infringe at least claim 10 of the ’021 Patent by making, using, offering to sell, selling, and/or importing into the United States the Ericsson Local Packet Gateway, alone or in operation with Ericsson Packet Core Controller, Packet Core Gateway, Edge Exposure Server, Cloud Core Exposure Server, and/or dual-mode 5G Core. The Ericsson Local Packet Gateway is exemplary of how the other Ericsson products accused herein infringe the ’021 Patent.

21. For example, the Ericsson Local Packet Gateway performs a method of detaching load in a cloud computing system comprising a cloud server configured to provide a cloud service and a client terminal configured to request or be provided with the service, the cloud server and the client terminal connected over a particular network (e.g., Ericsson Local Packet Gateway, alone or in operation with Packet Core Controller, Packet Core Gateway, Edge Exposure Server, Cloud Core Exposure Server, and/or dual-mode 5G Core, providing edge and core network services to connected user equipment).

22. The Ericsson LPG performs step no. 1 of arranging an edge cloud on a network

node connected to the client terminal, the edge cloud formed with a particular cloud server (e.g., Local Packet Gateway deployed on premises or at an edge location to provide an edge user plane for connected user equipment and local applications).

23. The Ericsson LPG performs step no. 2 of determining whether or not identification is possible for a cloud service request signal transmitted from a publisher client terminal among the client terminals at the edge cloud (e.g., Packet Core Controller, Edge Exposure Server, and associated access/session functionality identifying and managing requesting user equipment, application registrations, network identities, and/or sessions).

24. The Ericsson LPG performs step no. 3-1 of providing a cloud service corresponding to the request signal to a subscriber client terminal wishing to receive the cloud service if the cloud service corresponding to the request signal is being operated at a cloud server of the edge cloud, if it is determined in said step no. 2 that identification is possible for the request signal (e.g., Local Packet Gateway providing local breakout and routing user traffic directly to an application deployed at or near the enterprise edge).

25. The Ericsson LPG performs step no. 3-2 of transmitting the request signal to a core cloud connected to a cloud server and formed with a particular cloud server, if it is not determined in said step no. 2 that identification is possible for the request signal or if the cloud service corresponding to the request signal is not being operated at the cloud server of the edge cloud (e.g., the edge user plane and control plane routing or re-anchoring traffic toward the central dual-mode 5G Core when the applicable service/session is not handled at the local edge).

26. The Ericsson LPG performs step no. 4-1 of, determining whether the edge cloud that has transmitted the request signal is connected to the subscriber client terminal (e.g., Packet Core Controller access, mobility, and session-management functionality determining and

maintaining the connection/session state of the subscriber user equipment), and transmitting a backward packet to the edge cloud that has transmitted the request signal based on the determining whether the edge cloud that has transmitted the request signal is connected to the subscriber client terminal (e.g., transmitting downlink or responsive packets through the applicable user-plane/Local Packet Gateway path based on the subscriber's active session and connectivity state).

27. The Ericsson LPG performs step no. 4-2 of identifying the request signal and providing the cloud service corresponding thereto to the subscriber client terminal (e.g., central Packet Core and exposure functionality identifying/processing the request and providing the corresponding network or application service through the selected user-plane path).

28. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Ericsson has used the Accused Products in a manner that directly infringes at least the method claims of the ’021 Patent.

29. Defendants have and continue to indirectly infringe one or more claims of the ’021 Patent by knowingly and intentionally inducing others, including Ericsson customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

30. Defendants, with knowledge[2] that these products, or the use thereof, infringe the ’021 Patent at least as of the date of this Complaint, have knowingly and intentionally induced,

---

[2] LM Ericsson cited to the ’021 Patent family in connection with its own U.S. Patent Application No. US17/272,373, which was published as US 2021/0326185 A1 on October 21, 2021, and issued as U.S. Patent No. 12,254,357 on March 18, 2025. *See* https://patents.google.com/patent/US10733021B2/en?oq=10733021#citedBy. Indeed, the ’021 Patent’s Publication Number appears on the face of LM Ericsson’s ’357 Patent. *See* https://patentimages.storage.googleapis.com/84/04/0f/29efbd6a7021e4/US12254357.pdf, at pg. 2. Accordingly, at least LM Ericsson has pre-suit knowledge of the ’021 Patent.

and continue to knowingly and intentionally induce, direct infringement of the ’021 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their employees and agents not to review the patents of other, including specifically those related to Defendants’ specific industry, thereby remaining willfully blind to the ’021 Patent at least as early as the issuance of the ’021 Patent.

31. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the ’021 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants’ website, product literature and packaging, and other publications, including the documents cited herein.

32. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the ’021 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants’ affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others’ use and manufacture of the Accused Products such that the ’021 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the ’021 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be specially

made or adapted for use in the infringement of the ’021 Patent. Defendants perform these affirmative acts with knowledge of the ’021 Patent and with intent, or willful blindness, that they cause the direct infringement of the ’021 Patent.

33. Long Horizon has suffered damages as a result of Defendants’ direct and indirect infringement of the ’021 Patent in an amount to be proven at trial.

34. Long Horizon has suffered, and will continue to suffer, irreparable harm as a result of Defendants’ infringement of the ’021 Patent, for which there is no adequate remedy at law, unless Defendants’ infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Long Horizon prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patent-in-Suit;

c. An order awarding damages sufficient to compensate Long Horizon for Defendants’ infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Long Horizon its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: October 29, 2026

Respectfully submitted,


/s/ John Andrew Rubino
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,***
***LONG HORIZON TECHNOLOGIES LLC***